UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERESA HOLLIMAN,

    Plaintiff,

v.                                                Case No. 1:07-cv-560
                                                Hon. Robert J. Jonker

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI).

Plaintiff was born on March 5, 1981 and has completed a GED (AR 56, 81).[1] She alleged a disability onset date of February 1, 1999, which was later amended to October 1, 2002 (AR 16, 56). Plaintiff had previous employment in the restaurant industry (order taker, cashier, dishwasher, server, waitress) and as a secretary with the Census Bureau (AR 76, 84). Plaintiff identified her disabling conditions as depression, benign epilepsy, and constant back pain (AR 75). After administrative denial of plaintiff's claim, an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision denying these claims on September 29, 2006 (AR

---

[1] Citations to the administrative record will be referenced as (AR "page #").

16-24). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I.  LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be

2

expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).  In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability.  First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability.  A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four.  *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile."  *Id.*  If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary.  *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases.  *See Bailey v. Secretary of Health and Human Servs.*, No. 90-3265,

3

1991 WL 310 at * 3 (6th Cir. Jan. 3, 1991). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993). *See Brooks v. Sullivan*, No. 90-5947, 1991 WL 158744 at *2 (6th Cir. Aug. 14,1991) ("[t]o establish medical eligibility for SSI, plaintiff must show either that he was disabled when he applied for benefits . . . or that he became disabled prior to the Secretary's issuing of the final decision on this claim . . . 20 C.F.R. §§ 416.335, 416.330").

## II.  ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation. Following the five steps, the ALJ initially found that plaintiff had not engaged in substantial gainful activity since February 1, 1999 (AR 18). Second, the ALJ found that she suffered from severe impairments of: epilepsy; affective/mood disorder; and lumbar facet arthropathy (AR 19). At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 19-20).

The ALJ decided at the fourth step that plaintiff had the residual functional capacity (RFC):

> to perform light work with simple, routine tasks; lifting/carrying twenty pounds occasionally, ten pounds frequently; standing/walking up to six hours in an eight-hour workday; sitting up to six hours in an eight-hour workday; occasionally climbing ramps and stairs, balancing, stooping, kneeling, crouching and crawling; and never climbing ladders, ropes or scaffolds. The claimant needs to avoid concentrated exposure to extreme cold, wetness and all exposure to hazardous moving machinery and unprotected heights.

(AR 20). The ALJ found that plaintiff could not perform any of her past relevant work (AR 22).

At the fifth step, the ALJ determined that plaintiff had the RFC to perform a range of light work (AR 23). Specifically, the ALJ found that plaintiff could perform the following work in the regional economy: light, unskilled assembler (18,500 jobs); laundry worker (17,500 jobs); machine tender (8,800 jobs); and floor attendant (4,200 jobs) (AR 23). Accordingly, the ALJ determined that plaintiff was not under a "disability" as defined by the Social Security Act and entered a decision denying benefits (AR 23-24).

## IV. ANALYSIS

Plaintiff raises two issues on appeal regarding her alleged mental impairment.

### A. The ALJ's decision violated a rule requiring the assessment of a physician's opinion, resulting in an insufficient evaluation of plaintiff's mental impairment.

Plaintiff contends that the ALJ violated the Social Security Agency's rules when he failed to consider a state agency physician's May 14, 2004 mental RFC assessment. Plaintiff's Brief at 11. In the alternative, plaintiff contends that the state agency's mental RFC assessment is deficient because it was prepared without the benefit of subsequent medical records from Rafael Combalacer, M.D., a psychiatrist who treated plaintiff from May 18, 2004 through June 1, 2005 (AR 389-403), and plaintiff's work evaluations from May 4, 2001 through September 18, 2005 (AR 138-64) (which were not acquired until after the administrative hearing).

The ALJ's decision did not explicitly address the opinions expressed by the non-examining state agency physician[2] in either the Psychiatric Review Technique Form (PRTF) or the mental RFC assessment (AR 358-75). The ALJ agreed with the state agency physician's PRTF in determining that plaintiff did not meet the requirements of a listed impairment, having found that

---

[2] The physician's name is illegible.

5

she had no marked limitations meeting the "B" criteria of a listed impairment (AR 19, 368). The ALJ also agreed with the state agency physician's mental RFC assessment, finding that plaintiff's only mental limitation was the need to perform "simple, routine tasks" (AR 20, 370-74).

Plaintiff points out that SSR 96-6p, "Policy Interpretation ruling Titles II and XVI: Consideration of administrative findings of fact by state agency medical and psychological consultants and other program physicians and psychologists at the administrative law judge and appeals council levels of administrative review; medical equivalence," requires the ALJ to consider the opinions of state agency physicians, stating in pertinent part:

> Because State agency medical and psychological consultants and other program physicians and psychologists are experts in the Social Security disability programs, the rules in 20 CFR 404.1527(f) and 416.927(f) require administrative law judges and the Appeals Council to consider their findings of fact about the nature and severity of an individual's impairment(s) as opinions of nonexamining physicians and psychologists. Administrative law judges and the Appeals Council are not bound by findings made by State agency or other program physicians and psychologists, but they may not ignore these opinions and must explain the weight given to the opinions in their decisions.

SSR 96-6p, 1996 WL 374180 at*2 (July 2, 1996). While it appears that the ALJ agreed with the state agency physician's opinions, he failed to explain the weight given to those opinions pursuant to SSR 96-6p. *See* 20 C.F.R. § 402.35(b)(1) (SSR's "are binding on all components of the Social Security Administration" and "represent precedent final opinions and orders and statements of policy and interpretations" adopted by the agency). It is especially useful to understand the ALJ's reasoning in this case, given plaintiff's rather extensive medical history of treatment after the state agency physician reviewed her records on May 14, 2004. Specifically, the ALJ failed to discuss the relevancy of the PRTF and mental RFC assessment in light of plaintiff's treatment with Dr. Combalacer (May 2004 through June 2005) (AR 389-403), Michigan Pain Consultants (May 2004

through December 2005) (AR 428-43), Dr. Palmitier (February 2004 through December 2005), and the work evaluations by plaintiff's employer (May 2001 through September 2005) (AR 138-64).[3]

Accordingly, the court agrees with plaintiff that this matter should be reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the Commissioner should explain the weight given to the state agency physician's PRTF and mental RFC assessment, with specific attention given to plaintiff's treatment received after May 14, 2004, and her work evaluations.

> **B.     The ALJ's decision found a severe mental impairment but only partially assessed the basic mental demands of competitive employment on a sustained basis, denying Ms. Holliman a fair hearing.**

Plaintiff contends that the ALJ did not properly evaluate her mental RFC as required by SSR 85-15, "Titles II and XVI: Capability to Do Other Work The Medical-Vocational Rules as a Framework for Evaluating Solely Nonexertional Impairments," which provides in pertinent part as follows:

> The basic mental demands of competitive remunerative unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting. A substantial loss of ability to meet any of these basic work-related activities would severely limit the potential occupational base.

Plaintiff's claim is without merit.  It was unnecessary for the ALJ to review plaintiff's claim under SSR 85-15.  At the fifth step of the sequential process, the ALJ observed that "[i]f the claimant has solely nonexertional limitations, section 204.00 in the Medical-Vocational Guidelines

---

[3] The record reflects that plaintiff's counsel could not obtain her employment records from the employer's home office until after the administrative hearing.

provides a framework for decision making (SSR 85-15)" (AR 23). As its title implies, SSR 85-15 applies "solely" to nonexertional impairments. *See Hicks v. Commissioner of Social Security*, 105 Fed.Appx. 757, 765 (6th Cir. 2004). SSR 85-15 describes the nature of such "nonexertional limitations" as follows:

> Nonexertional limitations can affect the abilities to reach; to seize, hold, grasp, or turn an object (handle); to bend the legs alone (kneel); to bend the spine alone (stoop) or bend both the spine and legs (crouch). Fine movements of small objects, such as done in much sedentary work and in certain types of more demanding work (e.g., surgery), require use of the fingers to pick, pinch, etc. Impairments of vision, speech, and hearing are nonexertional. Mental impairments are generally considered to be nonexertional, but depressions and conversion disorders may limit exertion. Although some impairments may cause both exertional limitations and environmental restrictions (e.g., a respiratory impairment may limit a person to light work exertion as well as contraindicate exposure to excessive dust or fumes), other impairments may result in only environmental restrictions (e.g., skin allergies may only contraindicate contact with certain liquids). What is a nonexertional and extremely rare factor in one range of work (e.g., crawling in sedentary work) may become an important element in arduous work like coal mining.

In contrast to "nonexertional limitations," SSR 85-15 refers to SSR 83-10, which defines the term "exertional activity" as "[o]ne of the primary strength activities (sitting, standing, walking, lifting, carrying, pushing, and pulling) defining a level of work." SSR 83-10. Thus, an "exertional impairment" is defined as "[a]n impairment-caused limitation which affects capability to perform an exertional activity." *Id.*

Here, the record reflects that plaintiff suffers from both exertional impairments (e.g., limitations in lifting, carrying, sitting, standing and walking) and nonexertional impairments (e.g., limitations in kneeling, stooping, crouching, crawling, exposure to extreme cold and wetness, and the ability to perform only simple, routine tasks) (AR 20). Because plaintiff suffers from both exertional and nonexertional impairments, SSR 85-15 does not apply to her claim for benefits. *See*

*Hicks*, 105 Fed.Appx. at 765; *Doneworth v. Shalala*, No. 94-4290, 1996 WL 26922 at *4 (6th Cir. Jan. 23,1996) ("SSR 85-15 makes clear that a mental impairment alone, even if not meeting the Listing of Impairment may dictate a finding that a claimant is unable to perform substantial work. The Secretary argues, however, that SSR 85-15 does not apply to claimant since he has both exertional and nonexertional limitations and SSR 85-15 applies to cases where only a nonexertional limitation is present. We agree with the Secretary"); *Roberts v. Shalala*, 66 F.3d 179, 183 (9th Cir. 1995) ("SSR 85-15 has no application to [the claimant] because she claims both exertional and nonexertional impairments). Accordingly, the ALJ did not err in failing to review plaintiff's claim under SSR 85-15.

## IV.    Recommendation

I respectfully recommend that the Commissioner's decision be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should explain the weight given to the state agency physician's PRTF and mental RFC assessment, with specific attention given to plaintiff's treatment received after May 14, 2004, and her work evaluations.


Dated:  April 7, 2008                                          /s/ Hugh W. Brenneman, Jr.
                                                               HUGH W. BRENNEMAN, JR.
                                                               United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).