UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERESA HOLLIMAN,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

CASE NO. 1:07-CV-560

HON. ROBERT J. JONKER

## ORDER

This matter is before the Court on Defendant's objections (docket #16) to the Magistrate Judge's Report and Recommendation proposing reversal and remand of the Commissioner's determination that Plaintiff Holliman is not entitled to Social Security disability benefits (docket # 15). Plaintiff has filed a response to Defendant's objections (docket # 17).

The Magistrate Judge agreed with Plaintiff that the ALJ failed to consider properly the opinion of the state agency physician who prepared a Psychiatric Review Technique Form (PRTF), and the mental RFC assessment. In particular, the Magistrate Judge concluded that the ALJ failed to explain the weight given to the physician's opinions, as required by SSR 96-6p, 1996 WL 374180 at *2 (July 2, 1996), and related administrative rules. Defendant objects that any such failure by the ALJ was harmless error on this record because the ALJ concluded, as the state agency reviewer evidently did, that Plaintiff retained the residual functional capacity to perform simple, routine tasks.

The Court's review of objections to the Magistrate's Report and Recommendation must be de novo. Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3); *See also* 28 U.S.C. § 636(b)(1)(C) (Lexis through P.L. 110-180). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After de novo review of the Magistrate's Report and Recommendation, the Defendant's objections, the Plaintiff's response to the objections and the underlying administrative record, the Court rejects Defendant's objections and concludes that the Report and Recommendation is factually sound and legally correct.

The decision of the ALJ in this case does not explicitly reference either the PRTF or the RFC prepared by the state agency physician. It does appear that the ALJ reviewed those items because a portion of the ALJ decision recites findings that parrot the information on the forms (AR 19-20 reporting in finding #4 information consistent with the PRTF at AR 368). In addition, the ALJ finding that Plaintiff has "the residual functional capacity to perform light work with simple, routine tasks" (AR 20) appears consistent with the PRTF and RFC report that Plaintiff "retains the ability to perform SRT consistent w/ [null set symbol] Tx" (AR 371, 374 (incorporating 370-71)). But the ALJ decision itself never goes beyond the appearance of consistency to state explicitly what the ALJ

2

believes the reports show, and what, if any, weight the ALJ is placing upon them. Nothing in the ALJ decision itself indicates whether the ALJ is relying on the PRTF and RFC, or whether the ALJ is making an independent judgment based on other record materials. At a minimum, SSR 96-6p requires the ALJ to inform the parties and any reviewing court of the basis in the record for the ALJ's findings.

The ALJ's oversight is not harmless error, as the Defendant contends. In the first place, the meaning of the notations on the PRTF and RFC are not self-evident. Maybe the record reference to "SRT consistent w/ [unintelligible symbols]" means what the Defendant claims for it (docket # 16, at 2, n. 1), but it is the ALJ's responsibility to so state. Otherwise the parties and a reviewing court must attempt to draw their own conclusions about what the ALJ and the administrative record must have meant.

But more importantly, the ALJ has the responsibility to explain how the conclusions in the PRFT and the RFC apply to the ultimate findings on disability in the context of the record. This is part of what it means to explain the weight the ALJ is giving to the reports in making the disability decision. In this case, the Court would expect the ALJ to explain how the PRFT's report of moderate functional limitations on daily living activities, combined with one or two episodes of extended duration decomposition (AR 19-20, 368) mesh with the consultant's conclusion in the PRFT and the RFC on retained ability to perform simple routine tasks (AR 371, 374). And the Court would further expect the ALJ to tie up both items to the ALJ's conclusion that the Plaintiff is capable of "light work with simple, routine tasks" (AR 20). It is one thing, for example, to handle simple, routine tasks of domestic care in one's own home with one's own family and friends in attendance; it may be something different to perform simple, routine task in a work setting with a different collection of people and stressors. Information on medical treatment Plaintiff received

3

after May 14, 2004, and the work evaluations of the Plaintiff may shed light on this and require explanation as well, as the Report and Recommendation indicates. The ALJ decision simply does not carry this load.

The Court is making no judgments about how the ALJ should weigh the PRFT or the RFC on remand. The record may well include sufficient support for another finding of no disability. The Court is simply remanding so the ALJ can complete the task of explaining the weight given to the PRFT and the RFC and can answer, among any other relevant questions, the ones posed in this Order.

Accordingly, **IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 15) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** under Sentence Four of 42 U.S.C. § 405(g). On remand, the Commissioner should explain the weight given to the state agency physician's PRTF and mental RFC assessment, including without limitation any additional illumination cast on these assessments by later treatment information and work evaluations.

This matter is **CLOSED**.

Dated:　　September 3, 2008　　　　　　　　/s/ Robert J. Jonker
　　　　　　　　　　　　　　　　　　　　　　　ROBERT J. JONKER
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE